# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6641 | **DATE** | 8/7/2002 |
| **CASE TITLE** | Solaia Technology vs. Jefferson Smurfit | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Solaia's motion to compel discovery relevant to the charge of willful infringement [138-1], or in the alternative, for an order excluding any reliance on legal advice as a defense [138-2] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 196 |
| | Notified counsel by telephone. | AUG 07 2002 date docketed | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 8/7/2002 date mailed notice | |
| KF | courtroom deputy's initials | 02 AUG -7 PM 12: 08 Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SOLAIA TECHNOLOGY LLC, L<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON SMURFIT CORPORATION, and<br>BMW MANUFACTURING CORPORATION,<br><br>Defendants. | No. 01 C 6641<br><br>Hon. Judge Holderman<br>Mag. Judge Mason |
| THE CLOROX COMPANY, INC. and<br>JEFFERSON-SMURFIT CORPORATION,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>ROCKWELL SOFTWARE, INC., and<br>ALLEN BRADLEY COMPANY, LLC.,<br><br>Third-Party Defendants. | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

The plaintiff in this patent infringement case, Solaia Technology, LLC ("Solaia"), has filed a motion to compel against defendant Jefferson Smurfit Corporation ("Smurfit"), asking that we order Smurfit to indicate whether it intends to rely on opinions of counsel to defend against Solaia's claim of willful infringement, and if so, to produce those opinions. Smurfit objects, arguing that it should not be forced to waive the attorney-client privilege and produce opinions of counsel at this stage of the litigation, requesting instead that we bifurcate the issue of willfulness from the issue of whether it

196

infringed the patent at all. For the following reasons we deny Solaia's motion.

In its complaint, Solaia alleges that Smurfit, among other defendants, willfully infringed upon Solaia's so-called '318 patent of a particular type of industrial automation equipment. Smurfit has not only denied infringement, but states that it was not even aware of the existence of the '318 patent until after the lawsuit was filed. Solaia recently served discovery responses admitting that it has no independent evidence that Smurfit was aware of the patent before it received the complaint. However, Solaia continues to press its allegation that Smurfit's infringement of the patent was willful.

The question of whether infringement is willful requires us to consider the totality of the circumstances and then make a factual determination as to whether the infringer acted without regard for the patent and without a reasonable basis for believing that it had the right to act in the infringing manner. *See American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1530 (Fed.Cir. 1993) (citing *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1565 (Fed. Cir. 1983). "Generally, when a party learns of the existence of a patent, that party must obtain the advice of competent legal counsel before undertaking any actions that may constitute infringement." *Edward Lowe Industries, Inc. v. Oil-Dri Corporation of America*, No. 94 C 7568, 1995 WL 609231 (N.D.Ill., Oct. 13, 1995) (citing, *Electro Med. Sys. S.A. v. Cooper Life Sciences, Inc.* 34 F.3d 1048, 1056 (Fed. Cir. 1994)). Defense to an allegation of willful infringement may be shown through the reliance on the advice of counsel that particular actions do not constitute infringement. *Keyes Fibre Co. v. Packaging Corp. of America*, 763 F.Supp. 374, 375 n.1 (N.D.Ill. 1991). In such situations, the defendant must choose whether to

waive the attorney-client privilege and produce opinions of counsel in order to present an "advice of counsel" defense, or maintain the privilege and risk being found a willful infringer should it lose on the liability portion of the case. See *Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-644 (Fed. Cir. 1991).

In this case, Smurfit has not yet indicated whether it intends to rely on advice of counsel to counter Solaia's allegations of willful infringement. Solaia asks that we order Smurfit to make such an election, and, if it does intend to rely on such a defense, order Smurfit to produce its attorneys' opinions.[1] Although it recognizes that many courts have ordered defendants to produce their attorneys' opinion letters in these situations, Smurfit argues that its situation is different, since there is no dispute that it was not aware of the patent until after the lawsuit was filed. In all of the cases cited by Solaia in favor of ordering production of attorneys' opinions, the defendant was aware of the patent prior to suit.[2]

Smurfit relies on the case of *Eolas Technologies, Inc. v. Microsoft Corp.* for the proposition that it should not have to produce its post-complaint opinions of counsel at this time. In *Eolas*, the defendant also denied knowledge of the patent prior to the complaint, and the District Court stayed any discovery into post-complaint willfulness until after a decision on a motion for summary judgment. The Court also denied defendant's request to bifurcate as premature.

---

[1] Smurfit admits that it did seek and receive opinion letters from its counsel concerning the patent after the complaint was filed.

[2] Although the Court in *Michlin v. Canon, Inc.*, No. 00 CV 73306 DT, 2002 WL 992253, (E.D.Mich., April 30, 2002) ordered the defendant to produce the opinions of counsel it received after the lawsuit was filed, there is no evidence that defendant was unaware of the patent prior to the lawsuit.

3

In this case, Solaia has asked that we order Smurfit to decide whether it is going to rely on the advice of counsel as a defense to allegations of willfulness, but has not indicated whether it is in fact accusing Smurfit of post-complaint willfulness. Smurfit has essentially denied that it is going to use the "advice of counsel" defense for allegations of pre-complaint willfulness, and instead is going to rely on the argument that it had no knowledge of the patent whatsoever. Thus, there is no discovery to be ordered with regard to pre-complaint opinion letters. And as in *Eolas,* we believe that it is premature to order Smurfit to produce any post-complaint attorney opinions, since we are not convinced they are relevant to the case. If Smurfit's post-complaint conduct becomes relevant in the future, we may revisit the issue. However, should we receive any evidence that Smurfit was merely waiting until after the close of discovery to indicate its plan to rely on any of its attorneys' opinions, we will not hesitate to sanction it for such behavior.

We also deny Smurfit's request to bifurcate the willfulness issue from the rest of the case. First, its request was not made as part of a formal motion and thus is not even an issue for us to decide. And at this point, we find no reasons justifying a bifurcation.

Solaia's motion to compel discovery relevant to the charge of willful infringement,

or in the alternative, for an order excluding any reliance on legal advice as a defense, is denied. It is so ordered.

ENTER:

*Michael T. Mason*
MICHAEL T. MASON
United States Magistrate Judge

Dated: August 7, 2002