# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6641 | **DATE** | 9/6/2002 |
| **CASE TITLE** | SOLAIA TECHNOLOGY vs. JEFFERSON SMURFIT et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, def Smurfit and plaintiff's motion for entry of an agreed order in settlement of all claims between Smu Solaia and to dismiss Rockwell's cross-claims against Solaia as being moot and lacking in subject jurisdiction is granted. Rockwell's cross-claims against Solai are also dismissed without preju moot and for lack of subject matter jurisdiction. As to the remaining parties and claims, all pre set dates shall stand.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| ✓ | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | SEP 09 2002 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| JS6 | courtroom deputy's initials | 02 SEP -9 AM 7:54 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOLAIA TECHNOLOGY LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01 C 6641 |
| ) | |
| JEFFERSON SMURFIT CORPORATION, THE ) | |
| CLOROX COMPANY, INC. AND BMW ) | |
| MANUFACTURING CORPORATION ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| THE CLOROX COMPANY, INC. AND ) | |
| JEFFERSON SMURFIT CORPORATION, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ROCKWELL SOFTWARE, INC. AND ) | |
| ALLEN-BRADLEY COMPANY, LLC, ) | |
| ) | |
| Third-Party Defendants. ) | |

DOCKETED SEP 9 2002

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On August 27, 2001, plaintiff Solaia Technology LLC ("Solaia") filed a patent infringement suit against defendants Jefferson Smurfit Corporation ("Smurfit"), The Clorox Company, Inc. ("Clorox"), and BMW Manufacturing Corporation ("BMW"). On January 30, 2002 and February

1

5, 2002, Clorox and Smurfit, respectively, as third-party plaintiffs, sued Rockwell Software, Inc. and Allen-Bradley Company, LLC (collectively, "Rockwell") seeking indemnity. Thereafter, on March 21, 2002, Rockwell filed a cross-claim seeking declaratory judgment against Solaia. Clorox and BMW have since settled the case with Solaia, and Smurfit and Solaia have also recently settled the claims between them. The only claims that remain pending in this case are Clorox and Smurfit's cross-claims against Rockwell, and Rockwell's cross-claims against Solaia. On August 21, 2002, Solaia and Smurfit filed a joint motion for entry of an agreed order in settlement of all claims between Solaia and Smurfit, and to dismiss Rockwell's cross-claims against Solaia as being moot and lacking in subject matter jurisdiction. For the following reasons, Solaia and Smurfit's motion for entry of the agreed order and for dismissal of Rockwell's cross-claims is granted.

## PROCEDURAL HISTORY

As mentioned earlier in this opinion, this litigation began on August 27, 2001 as a patent infringement lawsuit ("infringement case") filed by Solaia against defendants Smurfit, Clorox, and BMW (collectively, "infringement-case defendants"), alleging infringement of United States Patent No. 5,038,318 ("318 patent"). On December 18, 2001, Rockwell filed a declaratory judgment action against Solaia seeking a declaration that, among other things, '318 patent is invalid, unenforceable, and not infringed upon by Rockwell. This court dismissed Rockwell's declaratory judgment claim against Solaia on February 14, 2002, finding that there was "no actual case or controversy" as required by 28 U.S.C. § 2201(a) and Article III of the United States Constitution.

On January 30, 2002 and February 5, 2002, Clorox and Smurfit, respectively, sued Rockwell as a third-party defendant in the infringement case, seeking indemnity. After Rockwell was brought into the litigation as a third-party defendant, Rockwell filed cross-claims against Solaia seeking

2

declaratory judgment of non-infringement, invalidity and unenforceability of the '318 patent, and alleging an Illinois state law claim of unfair competition. Thereafter, Solaia moved to dismiss Rockwell's cross-claims and this court denied Solaia's motion, finding that Rockwell's cross-claims fell within the province of Federal Rule of Civil Procedure 14(a) as defenses which the infringement-case defendants could assert against Solaia. This court also found that Rockwell's cross-claims fell within the supplemental jurisdiction of this court under 28 U.S.C. § 1367 because the cross-claims were so related to the claims asserted in the infringement-case as to form part of the same case or controversy. When Clorox and BMW settled with Solaia on June 12, 2002 and August 20, 2002, respectively, Smurfit remained the only infringement-case defendant.

On August 21, 2002, Solaia and Smurfit filed a joint motion for entry of an agreed order seeking dismissal of all claims and defenses between Solaia and Smurfit with prejudice pursuant to the settlement reached between Solaia and Smurfit. In addition, Solaia has moved to dismiss Rockwell's cross-claims against Solaia as being moot and for lack of subject matter jurisdiction. It is these motions that are presently before this court.

ANALYSIS

I. Declaratory Judgment as to the '318 Patent

Prior to the settlements by Solaia with each of the three infringement-case defendants, this court found that Rockwell, as third-party defendant, had a right under Rule 14(a) to assert its cross-claims against Solaia as "any defenses which the third-party plaintiff has to the plaintiff's claim" or "any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third-party plaintiff." However, given the settlement of all Solaia's infringement claims, "plaintiff's claim[s] against the third-party plaintiff[s]" in this case no longer

3

exist. There is no "transaction or occurrence" remaining from which Rockwell's cross-claims can "arise out of." Further, any supplemental jurisdiction this court exercised over Rockwell's cross-claims, which this court previously found to be "so related to the infringement-case claims that they form part of the same case or controversy," is also distinguished since the "case or controversy" no longer exists between Solaia and the infringement-case defendants.

The "case or controversy" requirement of Article III of the United States Constitution prohibits federal courts from deciding moot cases. U.S. Const. art. III, § 2; North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402 (1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of the litigants in the case before them."); McKinney v. Indiana Michigan Power Co., 113 F.3d 770, 772 (7th Cir.1997). In this case, no charge of patent infringement now remains pending. Solaia's claims have all been settled and dismissed with prejudice as part of the three settlement agreements with the three named infringement-case defendants.[1] Rockwell seeks a declaration of the non-infringement, invalidity, and unenforceability of the '318 patent. However, a declaratory judgment may only be brought to resolve an "actual controversy," 28 U.S.C. § 2201(a), and the actual controversy "must be extant at all stages of review, not merely at the time the complaint is filed." Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc., 248 F.3d 1333, 1340-42 (Fed. Cir., 2001). The burden rests on Rockwell to establish "that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the [cross-claim] was filed." Id.

---

[1] This court notes that the partial dismissal with prejudice of all claims and defenses between Smurfit and Solaia pursuant to their settlement agreement has not yet been entered, as it is the subject matter of this opinion and order. Accordingly, the entry of the agreed order for partial dismissal with prejudice shall be entered concurrently with the issuance of this opinion and order.

4

A two-part test applies for determining justiciability of a suit for declarations of patent rights and relationships: there must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity. Super-Sack Manuf. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1058 (Fed. Cir. 1995). Here, Rockwell cannot now show an objectively "reasonable apprehension on the part of [Rockwell] that it will face an infringement suit," Shell Oil. v. Amoco Corp., 970 F.2d 885, 887-88 (Fed. Cir. 1992), given the fact that the infringement-case defendants no longer face liability for infringement. Therefore, Rockwell no longer faces the legal risk that a finding of infringement will be made against the infringement-case defendants in favor of Solaia. See Super Sack, 57 F.3d at 1059 (affirming dismissal of declaratory counterclaim as nonjusticiable because defendant "has no cause for concern that it can be held liable for any infringing acts involving products it made, sold, or used on or before . . . the day [plaintiff] filed its motion to dismiss for lack of an actual controversy").

Rockwell argues that it continues to have a reasonable apprehension of suit because it has actually been sued in this case, referring to Smurfit's and Clorox's state law indemnification cross-claims against Rockwell which remain pending.[2] These indemnification claims, however, are based on state law contract rights Smurfit and Clorox may have against Rockwell, and cannot provide a basis for Rockwell to obtain a declaratory judgment against Solaia on infringement, validity, and enforceability when the infringement claims have been resolved. Rockwell further contends that a

---

[2]While Clorox's cross-claim remains pending, Clorox and Rockwell have agreed to submit Clorox's cross-claim to arbitration in an attempt to resolve the dispute. The arbitration has not yet occurred, but Clorox represents that it is expected to take place in the near future.

5

manufacturer's obligation to indemnify customers threatened with suit is a sufficient basis for jurisdiction over the manufacturer's declaratory judgment action. This argument also fails because Rockwell's customers in this case, the infringement-case defendants, are not threatened with suit anymore, as the claims against them have been settled. Moreover, Rockwell has not established it has an obligation to indemnify its customers. In fact, Rockwell denies an obligation to indemnify Smurfit, stating that "not a single installation of Rockwell equipment in any Smurfit plant properly could be considered the source of any claim of any infringement by Solaia." (Solaia's Mem. in Supp. Of Mot. to Dismiss, Ex. L).

Rockwell raises the additional argument that Solaia has recently sued sixteen additional Rockwell customers for infringement in separate litigation pending in this district before Judge Guzman, contending that Rockwell will "undoubtedly be sued by one or more defendants in [that] case and will, thereafter, undoubtedly file the same declaratory judgment claim against Solaia in that case." (Rockwell's Opposition to Solaia's Mot. to Dismiss at 11.) However, the mere possibility of indemnity in a different case does not provide a jurisdictional basis over Rockwell's present declaratory judgment claim against Solaia. In Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc., the Federal Circuit recently reasoned:

> TCI-California also contends that it could be required to indemnify an entity that potentially could be held liable in a different case for infringing the '202 patent. If TCI-California's interests are affected by a different suit regarding the '202 patent, then TCI-California should join that action as a party, for example, pursuant to Federal Rule of Civil Procedure 19(a)(2)(i). Further, part one of the declaratory justiciability test for the patent rights requires action by the patent owner that creates "reasonable apprehension" on the part of the declaratory plaintiff that it will face an infringement suit. A suit filed against a different party, even if TCI-California could potentially be required to indemnify that party, is not a suit that TCI-California itself faces. Therefore, the district court correctly determined that it lacked jurisdiction despite TCI-California's indemnity concerns.

248 F.3d 1333, 1341-42 (Fed. Cir. 2001).

Even if this court were to conclude that Rockwell had satisfied the first part of the declaratory justiciability test, the second part of the test of declaratory justiciability respecting patent rights requires that the putative infringer's "*present* activity" place it at risk of infringement liability. Intellectual Property, 248 F.3d at 1341. Here, the infringement-case defendants' present activities do not place Rockwell at risk of any liability to Solaia for infringement since Solaia's infringement claims against the infringement-case defendants have all been settled and dismissed with prejudice. See, e.g., Super Sack, 57 F.3d at 1059-60 (The Federal Circuit finds that the patentee's promise not to assert its patents against alleged infringer estopped patentee from suing from past acts of infringement and rendered alleged infringer's declaratory judgment counterclaim seeking declaration of noninfringement and invalidity, nonjusticiable under 28 U.S.C. § 2201(a).).

Finally, Rockwell contends that Smurfit's indemnity cross-claim against Rockwell actually arises under federal patent law because it is necessary to evaluate Solaia's patent infringement claims to determine whether Rockwell has any liability for infringement. This argument, however, does not bolster Rockwell's contention that there is an actual controversy between Rockwell and Solaia. The issue of whether Smurfit's cross-claim arises under federal law is relevant only to the question of whether this court has jurisdiction over *Smurfit's* cross-claim against Rockwell, not Rockwell's cross-claim against Solaia. Accordingly, this court finds that this court lacks subject matter jurisdiction over Rockwell's declaratory cross-claim against Solaia. Rockwell has not established an actual case or controversy exists between Rockwell and Solaia, as required by Article III of the United

7

States Constitution.

II. Unfair Competition

Lastly, count III of Rockwell's cross-claims against Solaia allege an Illinois law "unfair competition" claim. Specifically, Rockwell alleges that Solaia's assertion of the '318 patent against customers of Rockwell Automation constitutes an unfair method of competition. Solaia no longer asserts the '318 patent against any of the infringement-case defendants and therefore, Rockwell's claim is moot. Also, as discussed above, no Article III case or controversy exists between Rockwell and Solaia, and this court lacks subject matter jurisdiction over Rockwell's remaining state law claim against Solaia.

## CONCLUSION

For all the foregoing reasons, Smurfit and Solaia's motion for entry of agreed order in settlement of all claims between Smurfit and Solaia and to dismiss Rockwell's cross-claims against Solaia as being moot and lacking in subject matter jurisdiction is granted. Pursuant to Federal Rule of Civil Procedure 41(a) and Solaia's and Smurfit's agreed order of partial dismissal, each and every claim of Solaia made against Smurfit and each and every defense made by Smurfit against Solaia is hereby dismissed with prejudice, Solaia and Jefferson Smurfit to bear their own costs and attorneys' fees. Rockwell's cross-claims against Solaia are also dismissed without prejudice as moot and for lack of subject matter jurisdiction. As to the remaining parties and claims, all previously set dates remain. This court urges the remaining parties to discuss settlement.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: September 6, 2002